UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                                              )    CRIMINAL NO.: 22-cr-10325-FDS<br>)<br>YAIRA RAMOS-RIVERA,                            )<br>            Respondent.                              ) | |

## MOTION TO MODIFY CONDITIONS OF RELEASE

NOW COMES counsel for the Defendant, Yaira Ramos-Rivera, and moves to modify the conditions of her release to remove the curfew requirement.

Ms. Ramos-Rivera was arrested on October 25, 2022, and, on November 1, 2022, released on conditions and an unsecured appearance bond in the amount of $5,000. "Appearance Bond," 11/01/22, ECF 62. Among the conditions to which she is subject is a 9:00 p.m. to 5:30 a.m. curfew. "Order Setting Conditions of Release," 11/01/22, ECF 61. The curfew is monitored by Ms. Ramos-Rivera's sister, in whose home she lives, who is designated as third-party custodian. It is not enforced by location monitoring technology.

Ms. Ramos-Rivera now moves to remove the curfew condition. Counsel for Ms. Ramos-Rivera has conferred with Probation and the government about this request. Both Probation and the government have informed the undersigned they take no position on this request.

Removing the curfew at this time is in the interest of justice for the following reasons: (1) Ms. Ramos-Rivera does not present a flight risk or danger to the community. Probation did not recommend a curfew in its Pretrial Services Report. The curfew was imposed after a request

by the government, to which Ms. Ramos-Rivera assented, with the understanding that the curfew could be revisited should circumstances warrant. (2) The legal situation has changed in a way that is favorable to Ms. Ramos-Rivera. Ms. Ramos-Rivera was charged by complaint with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. At the time of her release, the government suggested she could be charged with a mandatory minimum triggering quantity of methamphetamine. The indictment has now issued, and the government has not sought an indictment against Ms. Ramos-Rivera in a mandatory minimum triggering amount. "Indictment," 11/29/2022, ECF 29. (3) The curfew is burdensome and is likely to provoke repeated reasonable requests to modify it.

    Ms. Ramos-Rivera is a stable mother of three, working and seeking work; the curfew does not measurably contribute to public safety, while imposing a burden on her. It is likely that the existence of a curfew will provoke repeated reasonable requests for modification. As noted above, both Probation and the government take no position on this request.[1]

---

[1] In the alternative, Ms. Ramos-Rivera would request that the Court consider lifting the curfew for Friday and Saturday night, so that Ms. Ramos-Rivera and her significant other can spend these evenings in Boston with her family. The government takes no position on this request, while Probation, although it takes no position on the curfew itself, opposes the request so long as a curfew is in place.

WHEREFORE, Respondent requests the Court grant Ms. Ramos-Rivera's request to remove the curfew, as a temporary expedient that is no longer necessary.

Respectfully submitted,

YAIRA RAMOS-RIVERA,
By her attorney,

/s/Ian Gold

Ian Gold (BBO #665948)
185 Devonshire Street, Suite 302
Boston, MA 02110
(617) 297-7686 (office & mobile)
ian.gold@iangoldlaw.com

December 2, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this date, Dec. 2, 2022.

/s/ Ian Gold